UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANK LONERO, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Case No. 3:20cv3384 |
| V. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

**COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Frank Lonero ("Plaintiff"), and files this Complaint, complaining of the United States of America and for cause of action, Plaintiff respectfully shows the following:

**PARTIES**

1.01    Plaintiff brings this action for monetary relief seeking redress from Defendant for the assault of Plaintiff by other inmates while incarcerated in the FCI Seagoville, a correctional institution with an adjacent minimum-security satellite camp located at 2113 North Hwy. 175, Seagoville, TX 75159.  Plaintiff complains that Defendant is liable for violations of the Federal Tort Claims Act (the "Act").

1.02    At all times material hereto, Defendant United States of America ("USA") owned and operated a corrections facility known as FCI Seagoville and was the employer of Officer Narrajo. Defendant USA can be served by delivering a copy of the summons of the complaint to the USA attorney for the Northern District of Texas and by sending a copy each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

**JURISDICTION AND VENUE**

2.01    This action is brought pursuant to the Federal Tort Claim Act. Jurisdiction is based on 28 U.S.C. § 1331.

2.02    Venue is proper in this court under 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Dallas County, Texas.

2.03    For purposes of Plaintiff's claims against the United States, this Court has jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 2675(a). Plaintiffs filed an administrative claim with the United States Marshals Service, which was rejected. Plaintiff also pleads that any applicable statute of limitations period should be tolled based on equitable tolling, equitable estoppel and/or the discovery rule. *See below*. Plaintiff has otherwise performed all acts precedent to bringing this suit or such acts have been waived.

**STATEMENT OF FACTS**

3.    Plaintiff was a pre-trial detainee at the time of the alleged incident. On or about July 15, 2016, Plaintiff was assaulted by inmates who were informed by a correctional employee that Plaintiff had previously reported to Officer Narrajo that certain inmates were engaged in illegal activities, *to wit*, wine was being made inside the facility.

4.    Officer Narrajo carelessly disclosed to others that Plaintiff had reported that inmate Nathaniel Deluis (#17300-078) was making wine at the facility. Deluis learned about Plaintiff's statement and then along with another inmate assaulted Plaintiff. The assault was seen by three (3) witnesses. As the result of the attack, Plaintiff sustained bi-lateral factures of his jaw which required multiple surgeries and the insertion of a steel plates.

5.    The Bureau of Prisons and/or the USA should have had better reporting procedures where inmates reported illegal activity, including, but not limited to, maintaining confidentiality

and safeguarding inmates who made such reports. Defendant had a legal duty to protect inmates in its care and custody. Defendant breached that duty in that it carelessly and negligently operated the facility concerning inmate reporting of other inmates; failed to adopt, incorporate, and enforce rules, regulations, policies and procedures related to inmate reporting of other inmates; and failed to protect those who made such reports.

## FEDERAL TORT CLAIMS ACT

6.      Plaintiffs assert a claim under the Federal Tort Claims Act, 28 U.S.C. § 2674 for the negligent, careless, and reckless conduct of Plaintiff while he was a pretrial detainee of the facility, and failed to comply with a reasonable  standard of care. Plaintiff has submitted a claim to the Bureau of Prisons, a prerequisite for filing this action under 28 U.S.C. § 2675, and received a final rejection letter.

## EQUITABLE TOLLING

7.      Plaintiff timely submitted his Form 95, Claim for Damage, Injury, or Death, on about October 30, 2017.  Defendant sent its "denial" of the Plaintiff's claim on or about January 30, 2019.  However, counsel for Plaintiff did not receive the letter, or have actual notice of the denial, until June 26, 2020.  Defendant's denial letter was sent via certified mail, return receipt requested. The address where the certified mail was sent had been used by counsel for Plaintiff at that time and had been in existence since approximately 2006. However, according to the United States Postal Services the certified mail was "unclaimed" and it was "unable to forward." According the USPS, the letter was likely "mishandled by the local Post Office." The same address is still used today by counsel for Plaintiff.

8.     During the time between October 30, 2017, counsel for both parties regularly communicated via email and phone.  Plaintiff pleads that any applicable statute of limitations period should be tolled based on equitable tolling, equitable estoppel and/or the discovery rule.

## ATTORNEY'S FEES AND COSTS

9.     Plaintiff is entitled to recover attorneys' fees and costs. 28 U.S.C. § 2678.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff requests that the Court:

A.     Award damages against the Defendant, as appropriate and as allowed by law;

B.     Award compensatory damages against Defendant, as allowed by law;

C.     Grant reasonable attorney's fees, litigation expenses and court costs; and,

D.     Grant such other and further relief as appears reasonable and just, to which Plaintiff may be entitled.

RESPECTFULLY SUBMITTED,

LAW OFFICE OF MICHAEL P. KELLY

*/s/ Michael P. Kelly*
Michael P. Kelly
State Bar No. 11227280

P.O. Box 150589
Dallas, Texas 75315-0589
T: (214) 821-7255
F: (214) 821-7251
**Email: mptkelly@sbcglobal.net**